IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

_____

| | |
|---|---|
| KERMIT POULSON, | CV 12-175-M-DLC-JCL |
| Plaintiff, | |
| vs. | ORDER, and |
| | FINDINGS AND |
| STATE OF MONTANA, and | RECOMMENDATION |
| KALISPELL CITY JAIL, | |
| Defendants. | |

_____

Plaintiff Kermit Poulson, proceeding pro se, has filed a Motion to Proceed In Forma Pauperis. Poulson submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Because it appears he lacks sufficient funds to prosecute this action **IT IS HEREBY ORDERED** that Poulson's Motion to Proceed In Forma Pauperis is **GRANTED**. This action may proceed without prepayment of the filing fee, and the Clerk of Court is directed to file Poulson's lodged Complaint as of the filing date of his request to proceed in forma pauperis.

Poulson filed his complaint in this matter on September 24, 2012. Poulson identified his address as: 4 Timber Road, Kalispell, Montana 59901.

On October 16, 2012, the Court mailed a document — Notice of Case Opening — through the United States Postal Service addressed to Poulson at the Timber Road address set forth above. The content of the Notice advises a litigant of various procedural matters, including a litigant's obligation to inform the Court of any change of address. That Notice, however, was returned to the Court on October 22, 2012, by the United States Postal Service with the notation:

> RETURN TO SENDER
> ATTEMPTED - NOT KNOWN
> UNABLE TO FORWARD

Dkt. 3.

On October 22, 2012, the Court then resent the Notice of Case Opening document to Poulson, c/o General Delivery, Kalispell, MT 59901. But on December 26, 2012, the United States Postal Service returned that mailing to the Court stamped with the same notation stated above.

Since the Court's mailings described above have been returned to the Court, and because Poulson has not informed the Court of any change of address, this action is now subject to dismissal. The Court's Local Rules provide as follows:

> (b) Dismissal Due to Failure to Notify. The Court may dismiss a complaint without prejudice or strike an answer when:
>
>> (1) a document directed to the attorney or self-represented party by the Court has been returned to the Court as not deliverable; and

> (2) the Court fails to receive within 60 days of this return a written communication from the attorney or self-represented party indicating a current address for service.

L.R. 5.2(b).

The Notice of Case Opening document that the Court mailed to Poulson was returned to the Court on October 22, 2012, as undeliverable. Within the 60-day period following October 22, 2012, and as of the date of this recommendation, Poulson has not provided the Court with a written notice informing it of his change of address.

Therefore, IT IS HEREBY RECOMMENDED that this action be DISMISSED without prejudice pursuant to L.R. 5.2(b).

DATED this 7th day of February, 2013.

Jeremiah C. Lynch
United States Magistrate Judge